362 So.2d 433 (1978)
Johnnie AMERSON, Maxine Robinson and Margaret Stapleton, Appellants,
v.
The JACKSONVILLE ELECTRIC AUTHORITY, Appellee.
No. GG-299.
District Court of Appeal of Florida, First District.
September 1, 1978.
*434 Robert H. Graddy, Jacksonville, for appellants.
Dawson A. McQuaig and William Lee Allen, Jacksonville, for appellee.
MELVIN, Judge.
Appellants, residential purchasers of electricity from the appellee, Jacksonville Electric Authority (JEA), seek review of an adverse final judgment holding that the JEA is not required to file and seek approval of its rate changes with the Florida Public Service Commission (PSC) and, secondly, that the JEA is not required to comply with Chapter 120, Florida Statutes (Administrative Procedure Act), in setting its rates and charges. We affirm.
The PSC's power to regulate is based upon the provisions of Chapter 366, Florida Statutes (1975). With limited exceptions, not relevant here, the jurisdiction of the PSC is limited to "public utilities", which are defined in Section 366.02, Florida Statutes (1975), as:
... every person, corporation, partnership, association or other legal entity ... supplying electricity ... to or for the public within this state, directly or indirectly for compensation; but the term `public utility' as used herein does not include either a cooperative now or hereafter organized and existing under the rural electrification cooperative law of the state nor a municipality ..."
Thus, the statute by its very terms specifically excludes electric utilities operated by Rural Electrification Cooperatives and municipalities from its rate change jurisdiction.
Further, Section 366.11, Florida Statutes (1975), provides certain exemptions from the PSC's jurisdiction stating, in part:
"No provision of this chapter shall apply in any manner, other than as specified in ss. 366.04(2), and (3), 366.05(7) and (8), and 366.055, to utilities owned and operated by municipalities, whether within or without any municipality... ."
It is apparent from a reading of the statute and the case law that municipally-owned utilities are excluded from PSC rate change jurisdiction. See Storey v. Mayo, 217 So.2d 304, at 307 (Fla. 1968), cert. denied 395 U.S. 909, 23 L.Ed.2d 222, 89 S.Ct. 1751 (1969).
It is equally apparent from a reading of the enacting legislation (Chapter 67-1569), Laws of Florida, as amended by Chapter 71-698, Laws of Florida) that the JEA is an electric utility operated by the City of Jacksonville and that it, therefore, lies within the jurisdictional exclusions pronounced by Sections 366.02 and 366.11, Florida Statutes (1975).
*435 Appellants' remaining point is directed to whether the JEA must comply with the provisions of the Administrative Procedure Act in setting its rate and changes. We hold that it does not.
The APA's jurisdiction encompasses certain actions of "agencies" as defined in Section 120.52(1), Florida Statutes, which states:
"(1) `Agency' means:
"(a) The governor in the exercise of all executive powers other than those derived from the Constitution.
"(b) Each other state officer and each state department, departmental unit described in s. 20.04, commission, regional planning agency, board, district, and authority, including, but not limited to, those described in chapters 160, 163, 298, 373, 380 and 582.
"(c) Each other unit of government in the state, including counties and municipalities to the extent they are expressly made subject to this act by general or special law or existing judicial decisions."
Thus, by the above statute, the legislature has specifically chosen to include municipalities within the meaning of the word "agency" only if "expressly made subject to this act by general or special law or existing judicial decisions."
Appellants have not cited us to, nor are we aware of, any "existing judicial decision" characterizing a municipality as an agency for the purposes of Chapter 120, Florida Statutes.
Further, we have not been cited to a general or special law making a municipality subject to the act. See Sweetwater Utility Corp. v. Hillsborough County, 314 So.2d 194 (Fla.2d DCA 1975), holding that the Board of County Commissioners of Hillsborough County was not an "agency" within the meaning of Section 120.52(1)(c), Florida Statutes (1974 Supp.).
In summary, we hold that the JEA is: 1) Not required to file and seek approval of its rate changes with the PSC pursuant to Chapter 366, and 2) not required to comply with Chapter 120, in setting its rates and charges.
Accordingly, the final judgment appealed from is AFFIRMED.
SMITH, Acting C.J., and ERVIN, J., concur.