411 So.2d 162 (1981)
CITY OF TALLAHASSEE, Petitioner,
v.
Robert T. MANN, et al., Respondents.
No. 59744.
Supreme Court of Florida.
July 23, 1981.
Rehearing Denied March 25, 1982.
*163 Frederick M. Bryant of Pennington, Wilkinson, Gary & Dunlap, Tallahassee and Bryan W. Henry of Henry, Buchanan, Mick & English, Tallahassee, for petitioner.
Authur C. Canaday, Gen. Counsel and William S. Bilenky, Deputy Gen. Counsel, Florida Public Service Commission, Tallahassee, for respondents.
F.E. Steinmeyer, III, County Atty. and O. Earl Black, Jr., Asst. County Atty., Tallahassee, for amicus curiae.
BOYD, Justice.
This cause is before the Court on petition of the City of Tallahassee for review of a non-final order of the Public Service Commission. This Court has the power to issue all writs necessary to the complete exercise of its jurisdiction. Art. V, § 3(b)(7), Fla. Const. The order the petitioner seeks to have reviewed is an order to show cause in a matter which, upon final action by the commission, would be reviewable in this Court. Art. V, § 3(b)(2), Fla. Const.; § 366.10, Fla. Stat. (Supp. 1980). The essence of the city's petition is that the commission has no jurisdiction of the subject matter. Accordingly, we treat it as a petition for a writ of prohibition. We conclude that the commission has subject-matter jurisdiction and therefore deny the petition.
On January 3, 1979, the Public Service Commission issued an order to all rural electric cooperatives and municipal electric utilities to submit rate tariff sheets so it could implement its jurisdiction under section 366.04(2), Florida Statutes (1977). After receiving the City of Tallahassee's revised tariff sheet, the commission issued a comment letter requesting justification for the fifteen percent surcharge the city imposed upon customers located outside the city's territorial limits. The city responded by letter, explaining its legal authority to impose the surcharge and questioning the commission's subject-matter jurisdiction. On September 3, 1980, the commission issued an order to the city to show cause why the surcharge should not be eliminated.
The dispute here is over the meaning of "rate structure." Section 366.04(2)(b) clearly grants the commission jurisdiction "To prescribe a rate structure for all electric utilities." The city urges us to construe "rate structure" so that it does not include surcharges, arguing that otherwise the commission would be allowed to exert its jurisdiction over municipal electric utilities' rates. We agree that the commission does not have jurisdiction over a municipal electric utility's rates. See Amerson v. Jacksonville Electric Authority, 362 So.2d 433 (Fla. 1st DCA 1978). However, there is a clear distinction between "rates" and "rate structure" though the two concepts are related. "Rates" refers to the dollar amount charged for a particular service or an established amount of consumption. Rate structure refers to the classification system used in justifying different rates. Cf. Occidental Chemical Co. v. Mayo, 351 So.2d 336 (Fla. 1977) (evidence to support the commission's decision to retain the basic structure was adequate even though there were a few unexplained reclassifications of customers).
The rates for service supplied by the city's utility are set by the Tallahassee City Commission. That body is charged with the duty of setting reasonable rates. The Public Service Commission has no authority over those rates. If the rates are unreasonable, the ratepayers have recourse to the city commission. Only citizens of Tallahassee, however, have the power of the ballot over their city commissioners.
While the Public Service Commission has no jurisdiction to set rates for a municipal utility, it has authority over the "rate structure" of all electric utilities in the state. The city's differential charges to customers within and without its corporate limits constitute a classification system and *164 thus are a matter of "rate structure" subject to the jurisdiction of the Public Service Commission.
We therefore deny the petition for writ of prohibition and remand the cause to the Public Service Commission for further proceedings.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON and ALDERMAN, JJ., concur.
ENGLAND and McDONALD, JJ., dissent.

On Petition for Rehearing or Clarification
BOYD, Justice.
By motion of the petitioner we are asked to state that on remand the Public Service Commission will have the burden of establishing that the City's system of differential charges is unreasonable. The City argues that its utility rates ordinance, like any other legislative act, is presumed valid and that the burden of proving otherwise is on those who challenge it, citing Mohme v. City of Cocoa, 328 So.2d 422 (Fla. 1976) and City of Pompano Beach v. Oltman, 389 So.2d 283 (Fla. 4th DCA 1980). These decisions concerned challenges brought in circuit court by ratepayers of municipal utilities, and are therefore not applicable in this case. This is not a challenge to the City's rate structure in a circuit court action. Rather, the Public Service Commission, which has statutory authority to prescribe a rate structure for all electric utilities, is giving the City an opportunity to explain why the Commission should not order that the City's rate structure shall be uniform for residents and nonresidents of the City of Tallahassee.
The procedure to be used by the Commission is analogous to a ratemaking proceeding. Just as the Commission may prescribe rates for an investor-owned utility under section 366.05(1), Florida Statutes (1981), it may now also prescribe a rate structure for a municipal electric utility. If the Commission orders that the City's rate structure be uniform, the question on review of that order will be whether the findings are based upon competent, substantial evidence, City of Plant City v. Hawkins, 375 So.2d 1072 (Fla. 1979), and not whether the City's imposition of a surcharge on nonresidents is reasonable or unreasonable. It will be the order of the Commission, if one is issued, that will be clothed with a presumption of validity. It will be the City's burden, if aggrieved, to overcome that presumption by showing a departure from the essential requirements of law. Shevin v. Yarborough, 274 So.2d 505 (Fla. 1973).
By issuing an order to show cause, the Commission is affording the City an opportunity to present evidence justifying its present rate structure and to prepare a record to rely upon in making a legal challenge to the Commission's final action should the City be dissatisfied with it. Therefore it is proper for the City to have the burden of going forward with evidence in justification of its present practices.
Accordingly, we adhere to our decision denying the petition of a writ of prohibition, we deny the petition for rehearing, and we remand the cause to the Public Service Commission for further proceedings consistent with our opinion and this order.
It is so ordered.
ADKINS, OVERTON, ALDERMAN and EHRLICH, JJ., concur.
SUNDBERG, C.J. and McDONALD, J., dissent.
Not final until time expires to file rehearing motion and, if filed, determined.