Mr. Klein Wigginton Tallahassee-Leon County Civic Center Authority
QUESTION:
Is the Tallahassee-Leon County Civic Center Authority a state agency such as to be subject to the Administrative Procedure Act, ch. 120, F.S.?
SUMMARY:
The Tallahassee-Leon County Civic Center Authority is not an agency as that term is defined in s. 120.52(1), F.S., and therefore is not subject to the Administrative Procedure Act, ch. 120, F.S., since it has not been made subject to the Act by general or special law, or by a judicial decision existing at the time of the adoption of the Act.
The answer to your question is dependent on whether the Authority is an agency as that term is defined in ch. 120, F.S. The Administrative Procedure Act defines agency in s. 120.52(1) to include
 (b) Each other state officer and each state department, departmental unit described in s. 20.04, commission, regional planning agency, board, district, and authority, including, but not limited to, those described in chapters 160, 163, 298, 373, 380, and 582, except any legal entity or agency created in whole or in part pursuant to chapter 361, part II.
 (c) Each other unit of government in the state, including counties and municipalities, to the extent they are expressly made subject to this act by general or special law or existing judicial decisions.
The Authority was created by a special Act, ch. 72-605, Laws of Florida, and was amended by ch. 79-502. The enabling statutes nowhere designate the Authority as a state agency or assign it to any branch or department of state government, nor do they give the Authority any state-wide or regional power. Section 6, ch. 72-605 provides that boundaries of the Authority are the boundaries of Leon County.
Other governmental entities in such a circumstance have been held not to be subject to the Act. In Sweetwater Utility Corporation v. Hillsborough County, 314 So.2d 194 (2 D.C.A. Fla., 1975), a board of county commissioners was recognized as a unit of government in the state, but was held not to be subject to the Act since no law or existing judicial decision made it so.
In Amerson v. Jacksonville Electric Authority, 362 So.2d 433 (1 D.C.A. Fla., 1978), a municipally-owned electric authority was treated as a municipality for the purposes of deciding whether it was an `agency' under the terms of s. 120.52(1), F.S. The court held that no general or special law, or existing judicial decision, had made municipalities subject to the provisions of ch. 120, F.S., and, therefore, the subject electric authority was not.
In Siddeeq v. Tallahassee Memorial Hospital, 364 So.2d 99 (1 D.C.A. Fla., 1978), the court held a municipal hospital board created by a special act of the Legislature was not an `agency' within the meaning of s. 120.52(1)(c), F.S., since no general or special law mandated otherwise.
My predecessor in office has issued several opinions stating that certain governmental entities were not subject to the Administrative Procedure Act for the same reasons. In AGO 077-142 is was opined that the Lower Florida Keys Hospital District was not subject to the Act. Likewise in AGO 078-26 a similar opinion was rendered concerning the Monroe County Mosquito Control District.
In contrast, in Witgenstein v. School Board of Leon County,347 So.2d 1069 (1 D.C.A. Fla., 1977), the Court recognized that many judicial decisions existing at the time of the revision of the Administrative Procedure Act did hold school boards as subject to the Act, and that the terms of the Act itself show the intent to include local school boards. Also, in AGO 078-28, my predecessor opined that the Broward County Metropolitan Planning Organization, as a body created under the terms of ch. 163, F.S., did fit under the terms of s. 120.52(1)(b), F.S., and was subject to the Act.
In an opinion regarding the Tallahassee-Leon County Civic Center Authority and construing s. 255.30, F.S., my predecessor opined that the Authority was not a `state agency' under the terms of that section, but was `one of the numerous public bodies corporate created by the Legislature to perform some special governmental or public function . . . .' AGO 076-52.
Prepared by: Arthur C. Wallberg, Assistant Attorney General