460 So.2d 370 (1984)
POLK COUNTY, Appellant,
v.
FLORIDA PUBLIC SERVICE COMMISSION, et al., Appellees.
LEON COUNTY, Appellant,
v.
FLORIDA PUBLIC SERVICE COMMISSION, et al., Appellees.
Nos. 63875, 63892.
Supreme Court of Florida.
December 6, 1984.
*371 Irvin S. Cowie, Monte J. Tillis, Jr., Mark F. Carpanini and Dawn Grant Kahre, Bartow, for Polk County.
F.E. Steinmeyer, III, County Atty., and O. Earl Black, Jr., Asst. County Atty., Tallahassee, for Leon County.
William S. Bilenky, Gen. Counsel and Paul Sexton, Associate Gen. Counsel, Tallahassee, for Florida Public Service Commission.
Roy C. Young and Claire A. Duchemin of Young, van Assenderp, Varnadoe & Benton, Tallahassee, for Orlando Utilities Commission and City of Lakeland.
Frederick M. Bryant of Moore, Williams & Bryant, Tallahassee, and Davisson F. Dunlap, Jr. of Pennington, Wilkinson & Dunlap, Tallahassee, for City of Tallahassee.
Ann Carlin, Office of the City Atty., Gainesville, amicus curiae for City of Gainesville and joins in brief of appellees.
Frederick M. Bryant and Davisson F. Dunlap, Jr. of Pennington, Wilkinson & Dunlap, Tallahassee, amicus curiae for City of Moore Haven, City of Wauchula, Lake Worth Utilities Authority, City of Blountstown, City of Alachua and City of Bushnell and joins in brief of appellees.
*372 OVERTON, Justice.
These consolidated cases are before us on petitions for review of action of the Florida Public Service Commission. We have jurisdiction. Art. V, § 3(b)(2), Fla. Const.
The question presented concerns the validity of Florida Administrative Code Rule 25-9.525.[*] The rule, adopted by the Public Service Commission after giving proper notice and conducting public hearings, permits a municipal electric utility to impose a surcharge on customers outside of its corporate limits equal to the service tax imposed on customers within its corporate limits. Appellants challenge the rule on three grounds and allege that: (1) the rule is beyond the jurisdiction and authority of the Public Service Commission; (2) the rule improperly authorizes a municipality to impose a tax on persons beyond its corporate limits; and (3) the action of the commission in adopting the rule is not supported by competent, substantial evidence. For the reasons expressed below, we reject each of these contentions and find that the commission acted properly and within its prescribed authority in adopting the rule.
The appellants, Polk and Leon Counties, first contend that the rule is beyond the authority and jurisdiction of the commission. Appellants argue that the rule represents an attempt by the Public Service Commission to regulate the dollar amounts charged by municipal utilities, and that this constitutes an invalid regulation of utility rates. We disagree with this characterization. It is true that the commission has no authority to regulate specific dollar amounts charged for a specific service. City of Tallahassee v. Mann, 411 So.2d 162 (Fla. 1981); Amerson v. Jacksonville Electric Authority, 362 So.2d 433 (Fla. 1st DCA 1978). We find, however, that the rule in question operates to regulate "rate structure" and is, therefore, within the jurisdiction and authority of the commission. As we stated in Mann,
there is a clear distinction between "rates" and "rate structure" though the two concepts are related. "Rates" refers to the dollar amount charged for a particular service or an established amount of consumption. Rate structure refers to the classification system used in justifying different rates.
411 So.2d at 163 (citation omitted).
The rule in this case regulates only the relative rate levels charged to different classes of customers. It mandates that, if a public service tax is levied by a municipality on utility customers residing in the municipality limits, the municipality may impose an equivalency surcharge upon municipal electricity customers residing outside of the municipality. The rule does not mandate a surcharge and does not set the dollar amount of a surcharge if one is, in fact, imposed. Thus, it is clear that the rule regulates rate structure and not rates.
This holding is consistent with our recent decision in a related case, City of Tallahassee v. Public Service Commission, 441 So.2d 620 (Fla. 1983). In that case we affirmed an order of the commission which required the city to eliminate a fifteen percent surcharge imposed on non-resident utility customers. The commission determined that the surcharge was not justified and ruled that a city could impose an out-of-city surcharge equal to the in-city surcharge. We agreed and found that "such a *373 surcharge would not be unduly discriminatory." Id. at 624.
Appellants' second claim alleges that the rule authorizes a municipality to impose a tax on non-residents in violation of the due process clauses of the constitutions of the State of Florida and the United States and the equal protection clause of the constitution of the United States. We reject this contention. This Court, in upholding an analogous surcharge authorized by section 180.191, Florida Statutes (1973), held that a twenty-five percent surcharge on non-resident municipal water customers was not unreasonable, discriminatory, or unconstitutional. Mohme v. City of Cocoa, 328 So.2d 422 (Fla. 1976). The statute allowed the twenty-five percent surcharge, but limited the rates charged non-residents to not more than fifty percent in excess of the rates charged residents. A public hearing on the rates charged was required only if the surcharge exceeded twenty-five percent. We find that the surcharge authorized by the rule in the instant case is much more reasonable than the one authorized by section 180.191. The rule provides for a more equitable surcharge and results in equal overall charges to both residents and non-residents. Moreover, persons challenging the imposition of the surcharge are entitled to a public hearing, regardless of the amount of the surcharge. In addition, application of the "end-result" test to the rate structure authorized by this rule results in equality of rates charged all customers. See General Telephone Co. v. Carter, 115 So.2d 554 (Fla. 1959).
Appellants' third claim that the action of the commission is not supported by competent, substantial evidence, revolves around alleged deficiencies in the commission's economic impact statement which was submitted in support of the rule. We have previously held that this Court will not reweigh or re-evaluate the evidence presented to the commission, but should only examine the record to determine whether the order complained of complies with essential requirements of law and whether the agency had available competent, substantial evidence to support its findings. Carter at 557. We find that the commission had available for its consideration the requisite evidence to adopt the rule.
Accordingly, the order of the commission is affirmed.
It is so ordered.
BOYD, C.J., and ADKINS, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[*] 25-9.525 Municipal Surcharge on Customers Outside Municipal Limits.

(1) The provisions of Rule 25-9.52 notwithstanding, a municipal electric utility may impose on those customers outside of its corporate limits a surcharge equal to the public service tax charged by the municipality within its corporate limits. To be equal to the tax, the surcharge shall apply to the same base, at the same rate, in the same manner and to the same types of customers as the tax. The surcharge shall not result in a payment by any customer for services received outside of the city limits in excess of that charged a customer in the same class within the city limits, including the public service tax.
(2) Each municipal electric utility seeking to impose a surcharge on customers outside of its municipal limits shall provide written documentation to the Commission demonstrating compliance with the terms of this rule.