McDONALD, Justice.
This case is before us on direct appeal from a Public Service Commission ■ (PSC) order approving a utility surcharge refund plan proposed by the City of Tallahassee. We have jurisdiction. Art. Y, § 3(b)(2), Fla. Const. The issue here is whether sub- ■ section 366.06(3) or subsection 717.05(2), Florida Statutes (1983), controls the disposition of unclaimed municipal utility refunds created by an improper rate structure. We hold that such refunds should be disposed of in accordance with chapter 717.
This case arose out of a PSC order requiring the city to eliminate its fifteen percent surcharge on out-of-city electric utility customers. The PSC stayed enforcement of the order while the city’s appeal was pending before this Court. The stay order conditioned the city’s continued collection of the full surcharge on the refund, with interest, of that portion of the out-of-city surcharge exceeding the in-city utilities tax rate should the city lose its appeal. We affirmed the PSC order limiting the out-of-city surcharge to no more than the utility tax paid by city residents. City of Tallahassee v. Florida Public Service Commission, 441 So.2d 620 (Fla.1983).
The city then filed its petition for approval of refund plan with the PSC. The city proposed to recalculate, at the PSC approved surcharge rate of eight and one-half percent, all bills for out-of-city electric service rendered while the PSC order was on appeal. The difference between the original amount billed and the recalculated amount, plus interest, would be refunded to out-of-city customers. Active customer accounts would receive their refund by credit to current bills. The city proposed making refunds of one dollar or more due inactive customer accounts by mailing checks to the last-known address of those accounts. Inactive customer accounts due less than one dollar would not get a refund. The city initially proposed that refund checks unclaimed or uncashed after twelve months from the date of issue would be voided and those amounts, along with the refunds of less than one dollar due inactive accounts, would be refunded to all active customer accounts through the Energy Cost Adjustment Clause.
Gerald Lewis, in his capacity as Comptroller of Florida and head of the Department of Banking and Finance, sought leave to intervene and modify the city’s proposed refund plan. Lewis contended that the city’s plan to void the unclaimed or un-cashed refund checks after twelve months did not comply with the requirements of the Florida Disposition of Unclaimed Property Act, chapter 717, Florida Statutes (1983), specifically applicable to unclaimed utility refunds under subsection 717.05(2), Florida Statutes (1983).[1] The city agreed with Lewis that subsection 717.05(2) governed the disposition of the unclaimed refunds due out-of-city customers. The city modified its refund plan before the PSC by agreeing to turn over to Lewis all amounts in any refund checks which are voided after being unclaimed or uncashed for twelve months from the date of issue. The city later agreed to turn over the total amount of less than one dollar refunds to Lewis as well.
Despite the fact that the city and Lewis had agreed on the modified refund plan, the PSC approved the city’s original refund plan. Lewis moved for reconsideration. The PSC denied the motion, finding that subsection 366.06(3), Florida Statutes *229 (1983),[2] authorizes the PSC to direct the disposition of unclaimed utility refunds.
The PSC has jurisdiction over the rate structure of municipal electric utilities. § 366.04(2)(b), Fla.Stat. (1983). The rate structure of a utility is “the classification system used in justifying different rates.” City of Tallahassee v. Mann, 411 So.2d 162, 163 (Fla.1981). The city’s surcharge on out-of-city customers comes within the rate structure jurisdiction of the PSC. Id. The PSC’s jurisdiction over rate structure, however, does not include jurisdiction over the actual rates charged by a municipal electric utility. Amerson v. Jacksonville Electric Authority, 362 So.2d 433 (Fla. 1st DCA 1978). Thus, the PSC misplaces its reliance on subsection 366.06(3) because that statute only authorizes the PSC to direct refunds of unjustified rates charged by public utilities. By its terms, subsection 366.06(3) does not apply to municipal utility refunds. We recognize that in City of Tallahassee v. Florida Public Service Commission, 433 So.2d 505 (Fla.1983), we approved the PSC’s use of the factors set out in subsection 366.06(1) in determining whether the city’s surcharge was justified. We do not believe that opinion requires that we ignore the limited scope of the PSC’s refund authority contained in subsection 366.06(3). Unclaimed municipal utility refunds are specifically covered by subsection 717.05(2). That provision should control under the facts of this case.
Accordingly, we reverse the PSC order on appeal and remand for further proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, EHRLICH and SHAW, JJ., concur.
OVERTON and ALDERMAN, JJ., dissent.

. This subsection provides:
717.05 Deposits and refunds held by utilities. — The following funds held or owing by any utility are presumed abandoned:
******
(2) Any sum which a utility has been ordered to refund and which was received for utility services rendered in this state, together with any interest thereon, less any lawful deductions, that has remained unclaimed by the person appearing on the records of the utility entitled thereto for more than 7 years after the date it became payable, in accordance with the final determination or order providing for the refund.

. § 366.06(3) provides, in pertinent part, that the PSC
shall by further order require such utility to refund with interest at a fair rate, to be determined by the commission in such manner as it may direct, such portion of the increased rate or charge as by its decision shall be found not justified. Any portion of such refund not thus refunded to patrons or customers of the utility shall be refunded or disposed of by the utility as the commission may direct; however, no such funds shall accrue to the benefit of the utility.