626 So.2d 1356 (1993)
FORT PIERCE UTILITIES AUTHORITY, Appellant,
v.
Thomas M. BEARD, et al., etc., Appellee.
No. 80712.
Supreme Court of Florida.
November 18, 1993.
Frederick M. Bryant and William J. Peebles of Moore, Williams, Bryant, Peebles & Gautier, P.A., Tallahassee, for appellant.
Robert D. Vandiver, General Counsel, and Richard C. Bellak and Marsha E. Rule, Associate General Counsels, Tallahassee, for appellee.
SHAW, Justice.
This case is before us on direct appeal from a final order of the Florida Public Service Commission (Commission). We have jurisdiction. Art. V, § 3(b)(2), Fla. Const.
Florida Power & Light (FPL), a private corporation, supplies electricity to the City of Fort Pierce and its outlying area. These areas are also serviced by Fort Pierce Utility Authority (FPUA), a municipal corporation and a branch of the City of Fort Pierce government. Competition resulted in duplication of distribution facilities, confusion in ownership of current facilities, and numerous safety hazards.
In the late 1970s, FPL and FPUA attempted unsuccessfully to enter formal territorial agreements. In 1989, FPL filed with the Commission a Petition to Resolve Territory Dispute against FPUA. Approximately two years later, FPL and FPUA settled their dispute and entered a mutually satisfactory agreement. The agreement, in part, provided: 1) FPUA and FPL with specific service territories; 2) for the transfer of approximately 900 customers from FPUA to FPL; and 3) for the transfer of approximately 3,200 customers from FPL to FPUA, 2,100 of whom were residents of North Hutchinson Island. The utilities filed petitions to dismiss the earlier Petition to Resolve Territorial Dispute and to approve the newly proposed Joint Petition for Approval of a Territorial Agreement. The Commission issued a preliminary approval of the agreement and circulated a Notice of Proposed Agency Action.
North Hutchinson Island residents, displeased with the proposed transfer of customers, *1357 petitioned the Commission for a public hearing at which they voiced concern relative to FPUA's: 1) higher rates; 2) inferior conservation programs; and 3) lack of presence on the island. In September of 1992, the Commission withdrew its preliminary approval and issued an Order Denying Approval of the Territorial Agreement. FPUA directly appealed to this Court. We approve the Commission's order.
In exercising its jurisdiction to approve utility territorial agreements, the Commission must ensure that the total effect of any decision reached will not result in public detriment. Utilities Comm'n of New Smyrna Beach v. Florida Public Serv. Comm'n, 469 So.2d 731 (Fla. 1985). The decision is not limited to whether transferred customers will substantially benefit. Id. FPUA argues that the Commission improperly focused on its current ability to provide reliable service, whereas, the proper focus should have been on existing and future customers transferred under the agreement and any corresponding decreases in reliability that they may have suffered. FPUA further argues it is not required to develop and implement conservation programs,[1] but if the Commission is to use this requirement, then it must find that the overall benefits outweigh any conservation losses.
Approval will be granted to the Commission's findings and conclusions if they are in accord with the "essential requirements of law" and are based on "competent substantial evidence." General Telephone Co. v. Carter, 115 So.2d 554, 557 (Fla. 1959); Polk County v. Florida Public Service Comm'n, 460 So.2d 370 (Fla. 1984).
In the instant case, the Commission found:
FPUA does not keep records relating to its reliability. At the hearing FPUA was unable to provide any records that would have allowed us to quantify FPUA's reliability, or the number of consumer complaints it may have had over the years due to outages... . [T]he ability of FPUA to provide reliable service to its existing territory has not been demonstrated on the record.
... .
... FPUA has represented at a public forum that it does not have the capacity to meet the growth in North Hutchinson without expanding... . [T]he proposed expansion ... is uncertain at best... . Under these circumstances we find that FPUA has failed to sustain its burden in this proceeding to establish its ability to provide reliable service in either its existing territory, or in the territory proposed to be transferred.
... .
... FPL's 2,100 customers on North Hutchinson Island would suffer a detrimental loss of conservation benefits if were they [sic] transferred to FPUA. Since the number of customers who will have their conservation programs reduced or eliminated is greater than the number of customers who reside in areas of duplication, we find that the public interest would not be served by approval of this territorial agreement.
... [S]ome consideration [was given] to the fact that North Hutchinson Island was not an area that was subject to duplication of facilities.
We affirm the Commission's decision. FPUA is asking the Court to reweigh evidence. This is not our task; we need only determine that the Commission's decision is sustained by competent and substantial evidence. We find that it is. FPUA's inferior conservation programs, lack of reliability data, and an inability to meet anticipated growth on North Hutchinson Island are sufficient for the Commission to infer a public detriment. This evidence, in total, sufficiently documents and sustains the Commission's decision.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] The Florida Energy Efficiency and Conservation Act does not require utilities the size of FPUA to develop and implement conservation programs. § 366.81, Fla. Stat. (1991).