635 So.2d 14 (1994)
FLORIDA CABLE TELEVISION ASSOCIATION, Appellant,
v.
J. Terry DEASON, et al., Appellees.
No. 82281.
Supreme Court of Florida.
April 14, 1994.
Laura L. Wilson, Florida Cable Television Ass'n, Inc., Tallahassee, for appellant.
Robert D. Vandiver, Gen. Counsel, and Marsha E. Rule and William E. Wyrough, Jr., Div. of Appeals, Florida Public Service Com'n, Tallahassee, Thomas R. Parker, Joe *15 W. Foster, Kimberly Caswell and M. Eric Edgington, GTE Florida Inc., Tampa, and Harris R. Anthony and J. Phillip Carver, Miami, and Mary Jo Peed, Atlanta, GA, of Southern Bell Tel. and Tel. Co., for appellees.
HARDING, Justice.
The Florida Cable Television Association (FCTA) appeals an order from the Florida Public Service Commission.[1] The order deals with the regulatory safeguards required under chapter 364, Florida Statutes (1991), to prevent cross-subsidization of competitive services by local exchange carriers. We have jurisdiction based on article V, section 3(b)(2) of the Florida Constitution.
We affirm the order because we find that it was supported by competent substantial evidence and it upholds the legislative intent.
This case arose after the Legislature revised chapter 364, Florida Statutes, in 1990. Its amendments included the addition of section 364.338, Florida Statutes (1991), which sets up a procedure to determine when services provided by local exchange services should be subject to regulation. Section 364.3381, Florida Statutes (1991), prohibits the cross-subsidization of competitive services by local exchange carriers.
The Commission opened a docket on this issue and held a two-day hearing in March 1993. Its resulting order defines statutory terms and sets out guidelines to ensure that cross-subsidization is not present. The FCTA does not challenge the Commission's definition of cross-subsidization.[2] Instead, the FCTA questions whether the Commission correctly concluded (1) that the terms "competitive," "subject to effective competition," and "effectively competitive," which are used in section 364.338 but not defined in chapter 364, should be construed as "effectively competitive" and (2) that section 364.3381 prevents only the cross-subsidization of "effectively competitive" services. The issue, according to the FCTA, is whether the Legislature intended the three terms to have separate and distinct meanings.
Commission orders come to the Court "clothed with the statutory presumption that they have been made within the Commission's jurisdiction and powers, and that they are reasonable and just and such as ought to have been made." United Tel. Co. v. Public Serv. Comm'n, 496 So.2d 116, 118 (Fla. 1986) (quoting General Tel. Co. v. Carter, 115 So.2d 554, 556 (Fla. 1959) (footnote omitted)). An agency's interpretation of a statute it is charged with enforcing is entitled to great deference. We will approve the Commission's findings and conclusions if they are based on competent substantial evidence, Fort Pierce Utils. Auth. v. Beard, 626 So.2d 1356, 1357 (Fla. 1993), and if they are not clearly erroneous. PW Ventures, Inc. v. Nichols, 533 So.2d 281, 283 (Fla. 1988).
The FCTA argues that the Commission erred by not adopting a "plain meaning" approach that would give separate and distinct meanings to the terms "competitive," "subject to effective competition," and "effectively competitive" in section 364.338. The Commission, however, found that a literal reading of section 364.338 would render parts of the statute incomprehensible and, thus, contrary to its purpose. "A statute should not be read literally where such a reading would be contrary to its purposes." Order No. PSC-93-1015-FOF-TP at 16. The Commission determined that the Legislature intended the three terms to be synonymous.
This Court has held that "all parts of a statute must be read together in order to achieve a consistent whole." Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla. 1992). Using the terms synonymously allows a consistent whole. The Commission's interpretation states the legislative intent to allow market conditions to set prices of a service that is found to be competitive, states the criteria for making this finding, and states two allowable *16 alternative regulatory treatments for the service. We can find nothing "clearly erroneous" in the Commission's order.
The FCTA argues further that the Commission's order departs from essential requirements of law by overlooking the legislative purpose of chapter 364, which it says is to foster telecommunications competition in the public interest. The FCTA's narrow reading of legislative intent fails to see the forest for the trees. Although fostering telecommunications competition in the public interest is one purpose of chapter 364, the Commission has a broader, overall duty to regulate. See § 364.01(3)(a)-(f), Fla. Stat. (1991). The Commission's order gives effect to these purposes.
Accordingly, we affirm Order No. PSC-93-1015-FOF-TP because it complies with the essential requirements of law, it is based on competent substantial evidence, and it upholds the legislative intent.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] The Commission issued Order No. PSC-93-1015-FOF-TP on July 28, 1993.
[2] "Cross-subsidization exists when competitive services are priced below their incremental costs, and the resulting revenue shortfall is recovered through rates for monopoly services." Order No. PSC-93-1015-FOF-TP at 7.