SHAW, Justice.
We have on appeal an order of the Public Service Commission (the Commission) relating to the rates and services of an electric utility. We have jurisdiction. Art. V, § 3(b)(2), Fla. Const. We affirm the Commission’s order.
Bricker installed a hot tub in her home in June 1989 and from that point onward engaged in a lengthy and heated dispute with Florida Power Corporation (FPC) over monthly electric bills and the provision of electric services. She filed a complaint with the Commission on March 1, 1993, and a hearing was held before an independent hearing officer from the Florida Division of Administrative Hearings.
The hearing officer issued a report finding that the evidence supported the conclusion that FPC had complied with all relevant regulations in the provision of electric service to Brieker’s home, and that FPC’s outstanding bill for $1,157.24 was valid. The report concluded that FPC had acted properly in disconnecting service until the balance was paid. The Commission approved the report and Bricker appealed.
This Court, in reviewing a Commission order, “will not reweigh or re-evaluate the evidence presented to the commission, but should only examine the record to determine whether the order complained of complies with essential requirements of law and whether the agency had available competent, substantial evidence to support its findings.” Polk County v. Florida Pub. Serv. Comm’n, 460 So.2d 370, 373 (Fla.1984). Where the findings and conclusions comport with the essential requirements of law and are based on competent substantial evidence, this Court will approve them. Fort Pierce Util. Auth. v. Beard, 626 So.2d 1356 (Fla.1993).
The issue in the present case was framed by the hearing officer as follows:
STATEMENT OF THE ISSUE
The issue in this case is the validity of the complaint of the Petitioner, Jory Brick-er, that the Florida Power Corporation charges for the provision of electric service to the Petitioner, Jory Bricker, were not consistent with the utility’s tariffs and procedures, with applicable state laws, and with Florida Public Service Commission rules, regulations, and orders.
The argument of the parties, testimony, and evidence below was all directed to the issue of Bricker’s bills.
Bricker now argues before this Court a substantially different issue — safety:
[Whether] the Commission misapplied [the] law by finding that a utility supplies safe electricity to a consumer when the utility neither adequately inspects its own equipment, nor a consumer’s equipment, nor stops the flow of electricity to a consumer’s home, after a consumer reports shocks from her appliances.
The issue of safety, which was a tangential matter below, was addressed by the hearing officer in two findings of fact:
5. The petitioner bought used appliances to replace those that had burned out. When they were installed, they were not grounded properly, causing the Petitioner and her housemate, John Wall, to receive electric shocks when they used the appliances. The Petitioner hired an electrician, who advised her of the cause of the shocks and properly grounded the appliances within the home. It is found that, once the appliances were properly grounded, the Petitioner and her housemate ceased to receive electric shocks when they used the appliances, contrary to their testimony at the hearing.
[[Image here]]
11. In November, 1992, the Petitioner mentioned to FPC for the first time that she was receiving electric shocks when she used her appliances. Once again, FPC advised her to hire an electrician. It is not clear whether the Petitioner was referring to past occurrences, whether she was intentionally trying to mislead FPC into thinking she was still receiving electric shocks, or whether the electric shocks were starting again.
Based on these two factual findings, the hearing officer reached the following conclusion of law:
*1112 27. F.A.C. Rule 25-6.040 provides:
(1) Unless otherwise specified by the Commission, each utility shall effectively ground the neutrals of all its multi-grounded distribution circuits so as to render them reasonably safe to person and property. Conformance with the applicable provisions in the publications listed in Rule 25-6.034(2) shall be deemed by the Commission that the system is grounded so as to be reasonably safe to person and property.
(2) Each utility shall establish a program of inspection to insure that its artificial grounds are in good mechanical condition.
There was no evidence from which a finding could be made that FPC violated F.A.C. Rule 25-6.040.
We conclude that the record contains competent substantial evidence to support the hearing officer’s findings on the issue of safety, and that his conclusions comport with the essential requirements of law. Accordingly, we affirm the Commission’s order on this point.
We also affirm the Commission’s order in full on the remaining points, which are uncontested.
It is so ordered.
GRIMES, C.J., and OVERTON, HARDING, WELLS and ANSTEAD, JJ., concur.
KOGAN, J., recused.