Ms. Jerri A. Blair Wildwood City Attorney Post Office Box 130 Tavares, Florida 32778
Dear Ms. Blair:
On behalf of the City of Wildwood you ask substantially the following question:
Does section 250.48, Florida Statutes, require a municipality to pay the salaries of employees who are members of the Florida National Guard while engaged in active state duty on a voluntary basis?
In sum:
Section 250.48, Florida Statutes, requires a municipality to pay the salary of employees for all days, not to exceed 30 at any one time, during which the employee is engaged in active state duty pursuant to section 250.28 or section 252.36, Florida Statutes. While there is no requirement that an employee be paid for voluntarily serving beyond the time he or she was ordered to active state duty, there is no prohibition against a municipality continuing payment during such service.
You state that the City of Wildwood has been informed that an employee who was ordered to active state duty following Hurricane Opal has volunteered for an extended period of duty. The question has arisen whether the city is required to pay the employee's salary during the extended voluntary service.
Section 250.48, Florida Statutes, states:
Any officer or employee of the state, of any county of the state, or of any municipality or political subdivision of the state who is a member of the Florida National Guard is entitled to leave of absence from his respective duties, without loss of pay, time, or efficiency rating, on all days during which he is engaged in active state duty, pursuant to s. 250.28 or s. 252.36. However, a leave of absence without loss of pay, granted under the provisions of this section, may not exceed 30 days at any one time.
The Governor is designated as the commander in chief of all the militia of the state with the specific power, in response to an emergency, to order into active service the Florida National Guard.[1] The militia of this state is made up of the Florida National Guard along with other organized and unorganized military forces.[2]
Section 250.28, Florida Statutes, states that when an invasion or insurrection is made or threatened in the state or there exists a riot, mob, unlawful assembly, breach of the peace or resistance to the execution of the laws of the state, and the civil authorities are unable to handle the situation, the Governor is authorized to issue an order to the officer in command of the body of troops best suited for the duty to proceed with the troops to suppress the same. Pursuant to section 252.36, Florida Statutes, the Governor is authorized to issue executive orders declaring a state of emergency. During the continuance of a state of emergency, the Governor is commander in chief of the Florida National Guard and may order it into emergency duty.[3]
For purposes of the statute, "active service" is defined in section 250.27, Florida Statutes, as follows:
The troops ordered into the service of the state for the enforcement of the law, the preservation of the peace, or for the security of the rights or lives of citizens, protection of property, or ceremonies shall be deemed to be in active service. Officers and enlisted personnel employed under orders of the Governor in recruiting; making tours of instruction; inspection of troops, armories, storehouses, campsites, rifle ranges, and military property; sitting on general or special courts-martial, boards of examination, courts of inquiry, or boards of officers; or making and assisting in the physical examinations, shall be deemed to be in active service when it is so specified in orders. Orders shall specify in every case if pay and travel or expenses are allowed. (e.s.)
Thus, the leave of absence contemplated under section 250.48, Florida Statutes, appears to be authorized for the days on which a member of the Florida National Guard is engaged in active service pursuant to an order.
In Attorney General Opinion 74-26, this office was asked whether municipal employees who are members of the Florida National Guard are entitled to leaves of absence while attending weekend National Guard training during a time they are scheduled to work. At that time, section 250.48, Florida Statutes (1973), provided that members of the National Guard were entitled to a leave of absence "on all days during which they shall be engaged in active state duty, field exercises or other training ordered under the provisions of this chapter." (e.s.) The opinion further noted that Rule 22A-8.13F of the Department of Administration governing leave for state employees authorized administrative leave for state employee guard members "without loss of pay, time, or efficiency rating on all days when ordered to active service by the state." (e.s.) Based upon this language and the fact that weekend training was not ordered pursuant to the chapter, this office concluded that the employees were not entitled to leaves of absence for such training.
Rule 60K-5.035, Florida Administrative Code, states that "an employee who is a member of the Florida National Guard shall, upon presentation of a copy of the employee's official orders issued pursuant to Chapter 250, Florida Statutes, be granted administrative leave during periods in which the employee is ordered to active state service by the Governor of Florida pursuant to Chapter 250, Florida Statutes."[4] While this rule does not govern municipal employees, it indicates the interpretation of the state statute by the state agency charged with its administration and, therefore, should be given great weight.[5]
Accordingly, it is my opinion that a municipality is not required to pay the salary of an employee who is a member of the Florida National Guard for a period of voluntary service beyond the active service set forth in the employee's official orders. While there is no requirement that an employee be paid for voluntarily serving beyond the time he or she was ordered to active state duty, there is no prohibition against a municipality continuing payment during such service.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 250.06, Fla. Stat. (1995). See also, s. 252.34(3), Fla. Stat. (1995), defining "emergency" to mean, "any occurrence, or threat thereof, whether natural, technological, or manmade, in war or in peace, which results or may result in substantial damage to or loss of property."
[2] See, s. 250.02, Fla. Stat. (1995).
[3] See, s. 252.36(4), Fla. Stat. (1995).
[4] Rule 60K-5.035(1), F.A.C. See also, Rule 60K-5.035(2), F.A.C., requiring that a copy of the official orders be filed in the employee's personnel file.
[5] See, Florida Cable Television Association v. Deason,635 So.2d 14 (Fla. 1994) (agency's interpretation of statute it is charged with enforcing is entitled to great deference).