678 So.2d 1267 (1996)
FLORIDA INTEREXCHANGE CARRIERS ASSOCIATION, et al., Appellants,
v.
Susan F. CLARK, etc., et al., Appellees.
No. 86957.
Supreme Court of Florida.
August 22, 1996.
*1268 Joseph A. McGlothlin and Vicki Gordon Kaufman of McWhirter, Reeves, McGlothlin, Davidson, Rief & Bakas, Tallahassee, and Richard D. Melson of Hopping, Green, Sams & Smith, P.A., Tallahassee, for Appellants.
Robert D. Vandiver, General Counsel and Richard C. Bellak, Associate General Counsel, Florida Public Service Commission, Tallahassee, Jack Shreve, Public Counsel and Charles J. Beck, Deputy Public Counsel, Tallahassee, for the Citizens of the State of Florida, for Appellees.
William W. Deem of Mahoney, Adams & Criser, P.A., Jacksonville, for BellSouth Telecommunications, Inc., Interested Party.
HARDING, Justice.
This cause is before us on direct appeal brought by Florida Interexchange Carriers Association (FIXCA) and MCI Telecommunications Corporation (MCI) to review Order No. PSC-95-1391-FOF-TL of the Public Service Commission (Commission). The order at issue approved BellSouth Telecommunications, Inc.'s (BellSouth) tariff proposal to implement extended calling service (ECS)[1] on 288 routes throughout Florida. We have jurisdiction pursuant to article V, section 3(b)(2) of the Florida Constitution and section 364.381, Florida Statutes (1995). For the reasons expressed below, we affirm the Commission's order.
*1269 The instant case has a long background. The Commission initiated Docket No. 920260-TL in 1992 to conduct a full revenue requirements analysis and to evaluate the rate stabilization plan under which BellSouth had been operating since 1988. Four other proceedings were later consolidated into this docket. Hearings were scheduled several times in an effort to address all of the concerns and issues that arose with the consolidated proceedings over the course of two and one-half years.
On January 5, 1994, the Office of Public Counsel and BellSouth submitted a stipulation and agreement to the Commission. One week later BellSouth filed an implementation agreement regarding unspecified rate reductions in the stipulation and agreement. Other parties also filed motions in support of the stipulation and implementation agreement. The Commission issued Order No. PSC-94-0172-FOF-TL on February 11, 1994, approving the terms of the stipulation and implementation agreement.
The terms of the agreement required that rate reductions be made to certain BellSouth services according to a specified timetable, including $25 million in unspecified rate reductions on October 1, 1995, and $48 million on October 1, 1996. The agreement further provided that approximately four months before these effective dates, BellSouth was to file proposals for the required revenue reductions. Interested parties would also be allowed to file proposals at these times.
On May 15, 1995, BellSouth filed a tariff proposal to introduce ECS to satisfy the $25 million unspecified rate reduction scheduled to be implemented on October 1, 1995. A hearing was held on July 31, 1995, to consider how to implement the $25 million rate reduction. MCI, FIXCA, and other intervenors opposed the BellSouth ECS plan, arguing that it would effectively re-monopolize long-distance toll service along these calling routes on which other interexchange carriers (IXCs) were currently allowed to compete. The proper application of the recent revisions to chapter 364, Florida Statutes (1995),[2] was also an issue during the hearing. The intervenors contended that ECS is nonbasic service [3] under the new telecommunications law and can only go into effect with appropriate interconnection and resale policies in place in order to pass the new imputation standard in section 364.051(6)(c), Florida Statutes (1995),[4] and in order to allow IXCs to continue to compete on the ECS routes.
As explained in Order No. PSC-95-1391-FOF-TL, the Commission approved BellSouth's ECS tariff proposal to implement the $25 million rate reduction required by the previous order. The Commission determined that the savings clause in section 364.385(3), Florida Statutes (1995),[5] requires *1270 that BellSouth's ECS proposal "be processed under the former version of Chapter 364, Florida Statutes." The Commission further concluded that the consent of all parties was not required to conduct the proceedings under the former chapter 364 because the instant proceeding had "progressed to the stage of hearing" in January 1994 when a hearing was only avoided because the parties agreed to and the Commission approved a stipulated resolution.[6] Based upon this determination, the Commission further concluded that ECS on the routes at issue would be considered "basic local telecommunications service" and not subject to the imputation requirements in section 364.051(6)(c). Chairman Clark and Commissioner Kiesling dissented from the Commission's decision to implement ECS on the routes proposed by BellSouth.
The Commission denied FIXCA's and MCI's motions for a stay pending appeal of the order. BellSouth implemented ECS calling on the routes in January 1996.
On appeal to this Court, FIXCA and MCI argue that the Commission erroneously concluded that BellSouth's ECS proposal is governed by the former version of the telecommunications statute. Thus, they contend, the proposed ECS routes constitute nonbasic service under the new telecommunications statute and must meet the imputation requirements of section 364.051(6)(c).
Commission orders come to this Court "clothed with a presumption of validity." City of Tallahassee v. Mann, 411 So.2d 162, 164 (Fla.1981). Moreover, an agency's interpretation of a statute it is charged with enforcing is entitled to great deference and will be approved by this Court if it is not clearly erroneous. Florida Cable Television Ass'n v. Deason, 635 So.2d 14, 15 (Fla.1994); Floridians for Responsible Util. Growth v. Beard, 621 So.2d 410, 412 (Fla.1993). The party challenging the Commission's order bears the burden of overcoming those presumptions by showing a departure from the essential requirements of law. City of Tallahassee v. Mann, 411 So.2d at 164; Shevin v. Yarborough, 274 So.2d 505, 508 (Fla.1973).
In the instant case, the Commission interpreted the express savings clause in section 364.385(3) as removing all proceedings relating to the implementation agreement contained in Order No. PSC-94-0172-FOF-TL from the revised telecommunications law. We do not find this interpretation to be clearly erroneous. Section 364.385(3) clearly provides that the BellSouth implementation agreement shall remain in effect even after the 1995 revisions to chapter 364. The very nature of a savings clause imparts retroactivity upon the statutes within its ambit. Carpenter v. Florida Central Credit Union, 369 So.2d 935, 937 (Fla.1979). Thus, the Commission could properly interpret this savings clause as requiring application of the previous version of chapter 364 to the BellSouth implementation agreement.
The appellants argue further that the Commission's order departs from essential requirements of law by contradicting the legislative intent of the new statute, which is to foster telecommunications competition in the public interest. However, the legislature also clearly intended that the BellSouth implementation agreement approved in Order *1271 No. PSC-94-0172-FOF-TL remain in effect and so provided in a specific statutory savings clause. Moreover, based upon the general savings clause in section 364.385(2), the legislature must have concluded that regulating some existing ECS as basic service would not thwart the legislative intent of fostering competition. Thus, we do not find the Commission's interpretation of the savings clause antithetical to the purpose of the statute.
Accordingly, we affirm Order No. PSC-95-1391-FOF-TL because it complies with the essential requirements of law and upholds the legislative intent of the new telecommunications law.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Extended calling service (ECS) is a pricing plan under which traffic on long-distance toll routes is repriced on a per-message or reduced per-minute basis. Under the plan approved in this case, residential customers pay a flat per-call price regardless of distance or call duration, rather than distance sensitive, per-minute charges associated with toll calls. Business customers pay a reduced per-minute charge.
[2] Chapter 364, which regulates telecommunications companies, was extensively amended by the legislature in 1995. See ch. 95-403, Laws of Fla. The legislature found "the competitive provision of telecommunications services, including local exchange telecommunications service" to be in the public interest. § 364.01(3), Fla. Stat. (1995). Under the revised law, local exchange telecommunications services will be provided competitively rather than on a monopoly basis. Id. Under this new scheme, the Commission is charged with exercising its exclusive jurisdiction in order to encourage and promote competition in telecommunications services. Id. § 364.01(4).
[3] Under the new telecommunications law, extended calling service must be "in existence or ordered by the commission on or before July 1, 1995" to meet the definition of "basic local telecommunications service." § 364.02(2), Fla. Stat. (1995). "[A]ny telecommunications service provided by a local exchange telecommunications company other than a basic local telecommunications service" is defined as "nonbasic service." Id. § 364.02(8). Nonbasic service is subject to special price regulations in section 364.051(6), Florida Statutes (1995), including imputation requirements in subsection (c).
[4] Section 364.051(6), Florida Statutes (1995), specifies the price regulation of nonbasic services. Subsection (c) provides that the price charged to a consumer for nonbasic service must cover the direct costs of providing the service and, to the extent a cost is not included in the direct cost, also "include as an imputed cost the price charged by the company to competitors for any monopoly component used by a competitor in the provision of its same or functionally equivalent service." § 364.051(6)(c), Fla. Stat. (1995).
[5] Section 364.385(3), Florida Statutes (1995), contains a savings clause specific to the BellSouth implementation agreement. The statute provides in pertinent part:

Florida Public Service Commission Order No. PSC 94-0172-FOF-TL shall remain in effect, and BellSouth Telecommunications, Inc., shall fully comply with that order unless modified by the Florida Public Service Commission pursuant to the terms of that order.
§ 364.385(3), Fla. Stat. (1995).
[6] Section 364.385(2), Florida Statutes (1995), contains a general savings clause that authorizes the application of the previous version of chapter 364 to extended calling service under certain circumstances. The statute provides:

(2) All applications for extended area service, routes, or extended calling service pending before the commission on March 1, 1995, shall be governed by the law as it existed prior to July 1, 1995. Upon the approval of the application, the extended area service, routes, or extended calling service shall be considered basic services and shall be regulated as provided in s. 364.051 for a company that has elected price regulation. Proceedings including judicial review pending on July 1, 1995, shall be governed by the law as it existed prior to the date on which this section becomes a law. No new proceedings governed by the law as it existed prior to July 1, 1995, shall be initiated after July 1, 1995. Any administrative adjudicatory proceeding which has not progressed to the stage of a hearing by July 1, 1995, may, with the consent of all parties and the commission, be conducted in accordance with the law as it existed prior to January 1, 1996.