989 So.2d 1231 (2008)
FLORIDIAN COMMUNITY BANK, INC. and Joanne P. Gaines, Appellants,
v.
STATE of Florida, OFFICE OF FINANCIAL REGULATION, DIVISION OF FINANCIAL INSTITUTIONS, Appellee.
Floridian Community Bank, Inc. and Joanne P. Gaines, Appellants,
v.
State of Florida, Office of Financial Regulation, Division of Financial Institutions, Appellee.
Nos. 4D07-4437, 4D07-4639.
District Court of Appeal of Florida, Fourth District.
September 10, 2008.
John H. Pelzer of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, and Edward W. Dougherty, Jr., and Travis R. Walker of Igler & Dougherty, P.A., Tallahassee, for appellants.
Steven S. Ferst and Bruce Kuhse, Tallahassee, for appellee State of Florida, Office of Financial Regulation.
HAZOURI, J.
These two cases concern the resolution of a single legal issue: whether the Office of Financial Regulation (hereinafter "OFR") may enforce a condition originally placed on an application for the organization of a new Florida chartered bank, even though the bank has been open for general commercial banking business for more than five years. The cases were consolidated *1232 for oral argument and will be jointly disposed of in this opinion.
On October 28, 2000, Joanne P. Gaines and sixteen others, as the proposed board of directors, applied to the Department of Banking and Finance, currently the OFR, to organize a new Florida chartered bank with the name "Floridian Community Bank." Gaines was included in the application as a proposed executive officer and director.
OFR conducted an examination of the application and concluded that Gaines was not qualified to be a director or executive officer of Floridian. Floridian submitted a revised application removing Gaines as a director and executive officer, along with other directors OFR would not approve, but retained Gaines as a non-executive "Director of Marketing."
On February 21, 2002, OFR approved Floridian's amended application to open a new state chartered bank with a number of conditions. Included in these conditions is the following condition, known as "Condition 8":
That the proposed Director of Marketing, Joanne P. Gaines, will not serve as an executive officer or director of the proposed bank.
On March 15, 2002, a Final Order adopting the approval letter was issued. On April 1, 2002, a Corrected Final Order, correcting a typographical error, was issued.
Floridian opened for general commercial banking business on March 10, 2003.
On July 24, 2006, Gaines filed a Petition for Formal Administrative Hearing Pursuant to Section 120.57, Florida Statutes (2007), to challenge the applicability of Condition 8. OFR denied the petition on August 8, 2006, based on substantial noncompliance with the requirements of section 120.569(2), Florida Statutes (2007), and Florida Administrative Code Rule 28-106.201, and issued a Final Order making certain Findings of Fact and Conclusions of Law but granted leave to file an amended petition.
On July 16, 2007, Floridian and Gaines filed a petition with OFR requesting a declaratory statement that Condition 8 in the February 21, 2002 Notice of Intent no longer applies to Floridian or Gaines. Floridian also filed with OFR its Notice of Proposal to Appoint Joanne P. Gaines to its Board of Directors and Request for Notice of Non-Disapproval or Alternatively Request for Modification of Charter Approval Order.
On October 11, 2007, OFR issued a Declaratory Statement notifying Gaines and Floridian that Condition 8 is still in effect.
On October 30, 2007, Floridian and Gaines filed a Petition for Formal Administrative Hearing, requesting an administrative hearing to challenge the Declaratory Statement issued by the OFR on October 11 and to allow Gaines to become a director or executive officer of Floridian.
On November 7, 2007, Floridian and Gaines (hereinafter "appellants"), filed a Notice of Appeal regarding the October 11, 2007, Declaratory Statement. On November 15, 2007, the OFR issued its Final Order Denying the October 30th Petition. This Final Order of Denial was appealed by appellants on November 21, 2007.
On February 19, 2008, the OFR issued a Notice of Intent to Deny the Modification Petition.
On March 10, 2008, appellants filed a Petition for Formal Administrative Hearing Pursuant to Section 120.57, Florida Statutes (2007), which is currently pending.
*1233 Appellants argue that once a bank has been chartered for more than two years, the OFR loses its authority over the appointment of any individual to become a board member or executive officer of the bank. Therefore, the OFR did not have authority to prohibit Gaines from being employed as a board member or executive officer two years after Floridian's opening. The basis for appellants' argument is section 655.0385(1)(a)-(d), which states:
(1) Each state financial institution shall notify the office of the proposed appointment of any individual to the board of directors or the appointment or employment of any individual as an executive officer or equivalent position at least 60 days before such appointment or employment becomes effective, if the state financial institution:
(a) Has been chartered for less than 2 years;
(b) Has undergone a change in control or conversion within the preceding 2 years. The office may exempt a financial institution from this paragraph if it operates in a safe and sound manner;
(c) Is not in compliance with the minimum capital requirements applicable to such financial institution; or
(d) Is otherwise operating in an unsafe and unsound condition, as determined by the office, on the basis of such financial institution's most recent report of condition or report of examination.
§ 655.0385(1)(a)-(d), Fla. Stat. (2007). We disagree.
A question of statutory interpretation is subject to the de novo standard of review. Sullivan v. Fla. Dep't of Envtl. Prot., 890 So.2d 417, 420 (Fla. 1st DCA 2004). "[A] reviewing court must defer to an agency's interpretation of an operable statute as long as that interpretation is consistent with legislative intent and is supported by substantial, competent evidence." Pub. Employees Relations Comm'n v. Dade County Police Benevolent Ass'n, 467 So.2d 987, 989 (Fla.1985); Palm Harbor Special Fire Control Dist. v. Kelly, 516 So.2d 249, 250 (Fla.1987) ("deference usually will be accorded an administrative agency's interpretation of matters entrusted by statute to its discretion or expertise") (citation omitted); Imhotep-Nguzo Saba Charter Sch. v. Dep't of Educ., 947 So.2d 1279, 1285 (Fla. 4th DCA 2007) ("An agency's interpretation of a statute that it is charged with enforcing is entitled to great deference and will be approved on appeal unless it is clearly erroneous.") (citations omitted).
The OFR does have authority, as expressed in the Financial Institutions Code (Chapters 655-659, Fla. Stat. (2007)), to:
(2) Provide for and promote:
(a) The safe and sound conduct of the business of the financial institutions subject to the financial institution codes.
(b) The prudent conservation of the assets of the financial institutions subject to the financial institutions codes.
(c) The maintenance of public confidence in the financial institutions subject to the financial institutions codes.
(d) The protection of the interests of the public in the safety and soundness, and the preservation, of the financial institution system in this state and the protection of the interests of the depositors and creditors of financial institutions.
....
(j) the delegation to the commission of adequate rulemaking power and to the office adequate administrative discretion, subject to the provisions of the financial institutions codes and to the purposes and policies stated in this section, in order that the supervision and regulation of financial institutions may *1234 be flexible and readily responsive to changes in economic conditions, in technology, and in financial institution practices.
§ 655.001(2), Fla. Stat. (2007). Section 655.015(1), provides that "[t]he financial institutions codes shall be liberally construed and applied to promote their purposes and policies." § 655.015(1), Fla. Stat. (2007). Discretion is given to the OFR to enforce the policies in section 655.001, as stated in subsection 2 of 655.015:
The purposes and policies stated in s. 655.001 constitute standards to be observed by the commission and office in the exercise of their discretionary powers under the financial institutions codes, in the adoption of rules, in the issuance of orders and declaratory statements, in the examination and supervision of financial institutions, and in all matters of construction and application of the financial institutions codes required for any determination or action.
§ 655.015(2), Fla. Stat. (2007).
Also, section 655.012 provides:
(1) In addition to other powers conferred by the financial institutions codes, the office shall have:
(a) General supervision over all state financial institutions, their subsidiaries, and service corporations.
....
(c) Power to issue orders and declaratory statements, disseminate information, and otherwise exercise its discretion to effectuate the purposes, policies, and provisions of the financial institutions codes.
§ 655.012(1), Fla. Stat. (2007).
One of the specific duties of the OFR is to review applications for authority to organize a banking corporation in Florida. § 658.19, Fla. Stat. (2007). In reviewing applications, OFR has certain investigative duties:
(1) Upon the filing of an application, the office shall make an investigation of:
(a) The character, reputation, financial standing, business experience, and business qualifications of the proposed officers and directors.
§ 658.20(1)(a), Fla. Stat. (2007). The OFR shall approve the application as to the proposed officers and directors if it finds that:
(4) The proposed officers have sufficient financial institution experience, ability, standing, and reputation and the proposed directors have sufficient business experience, ability, standing, and reputation to indicate reasonable promise of successful operation, and none of the proposed officers or directors has been convicted of, or pled guilty or nolo contendere to, any violation of s. 655.50, relating to the Florida Control of Money Laundering in Financial Institutions Act; chapter 896, relating to offenses related to financial institutions; or any similar state or federal law....
§ 658.21(4), Fla. Stat. (2007).
After investigating Floridian's application, the OFR found that Gaines was not qualified and is thus prohibited from serving as an executive officer or director of the proposed bank (Condition 8). Florida statutes do provide the OFR with authority to place conditions that must be met before a bank is opened. Floridian was opened for general commercial banking business on March 10, 2003. Section 658.25(2) provides:
At least 30 days prior to its intended opening date, the corporation shall notify the office of its proposed opening date and confirm its compliance with all conditions imposed in the order or orders issued by the office relating to its organization.
*1235 § 658.25(2), Fla. Stat. (2007). Condition 8 was issued before the opening date of Floridian.
Floridian chose not to challenge Condition 8 after it became incorporated into the 2002 Final Order and Corrected Final Order. Appellants contended in oral argument that its amended application in 2002 did not include Gaines as an executive officer or director of the proposed bank. Appellants' argument, however, does not change the fact that the condition was still included in the Final Order and was not contested.
It was not until 2006 that appellants decided to challenge the condition. Instead of filing a Petition to Modify the Final Order with facts that support the appointment of Gaines as a director or executive officer of the bank, appellants sought to challenge the OFR's legal authority to enact the condition.
We find that OFR's determination that it had statutory authority to place conditions that must be complied with before a proposed bank can open, including a condition regarding the position of a certain employee, is not clearly erroneous. Florida Interexchange Carriers Ass'n v. Clark, 678 So.2d 1267, 1270 (Fla.1996) ("[A]n agency's interpretation of a statute it is charged with enforcing is entitled to great deference and will be approved by this Court if it is not clearly erroneous.") (citations omitted). Florida statutes do provide the OFR with a certain degree of discretion over the governance of financial institutions. §§ 655.001(2); 655.015(1)-(2); 655.012, Fla. Stat. (2007). In addition to discretion, the OFR is given statutory authority to review applications for financial institutions. § 658.19, Fla. Stat. (2007). This authority includes the right to investigate executive officers. § 658.20(1)(a), Fla. Stat. (2007). The OFR investigated Gaines and determined that she does not qualify as an executive officer. This determination was incorporated as a condition to approval. The proposed financial institution must comply with the conditions imposed by the OFR before its opening date. § 658.25(2), Fla. Stat. (2007). The Petition for Declaratory Statement only asked whether the OFR had authority to disapprove Gaines as an executive officer, not whether Gaines can now be approved due to changed factual circumstances.
We therefore affirm the holdings in each case but note that this opinion is not res judicata to appellants' ability to present evidence of Gaines's current qualifications in its pending Petition for Formal Administrative Hearing.
Affirmed.
STONE, J., and GERBER, JONATHAN D., Associate Judge, concur.