771 So.2d 1268 (2000)
MARTIN COUNTY and 1000 Friends of Florida, Inc., Appellants,
v.
DEPARTMENT OF COMMUNITY AFFAIRS and City of Stuart, Appellees.
No. 4D00-388.
District Court of Appeal of Florida, Fourth District.
November 22, 2000.
Paul Bradshaw, Havana, and Gary Oldehoff, Stuart, for Appellant-Martin County.
Terrell K. Arline, Tallahassee, for Appellant-1000 Friends of Florida, Inc.
Cari L. Roth, General Counsel, Shaw Stiller and Karen Brodeen, Assistant General Counsels, Tallahassee, for Appellee-Department of Community Affairs.
Robert C. Apgar and Yeline Goin of the Law Offices of Robert C. Apgar, Tallahassee, for Appellee-City of Stuart.
STEVENSON, J.
The Board of County Commissioners of Martin County and 1000 Friends of Florida, Inc., an interested not-for-profit organization, appeal a final order of the Department of Community Affairs finding a number of amendments to the City of Stuart's comprehensive plan to be "in compliance" with the Florida Interlocal Cooperation Act, the Growth Policy Act, the Florida Local Government Development Agreement Act, the Local Government Planning and Land Development Regulation Act, and other applicable rules and regulations outlined in chapter 163, Florida Statutes. We affirm in part and reverse in part.
The facts and history underlying the instant appeal are somewhat lengthy and complex. In late 1996/early 1997, Martin County determined that a number of its roads were over capacity and, as a result, in certain areas of the county there was a moratorium on development. In 1997, the City of Stuart began receiving petitions for voluntary annexation of parcels of real property. Ultimately, some 1,200 acres were annexed into the City.[1] Despite the annexation, however, pursuant to section 171.062(2), Florida Statutes (1997), the parcels remained subject to Martin County's land use plan and/or zoning and subdivision regulations until such time as the City adopted comprehensive plan amendments that included the annexed parcels. In late 1997, the City of Stuart began the process of amending its comprehensive plan to include the newly-annexed parcels. When the smoke cleared, the City of *1269 Stuart had amended its comprehensive plan, assigning a land use designation to each of the newly-annexed parcels, creating a new land use category, and revising the text of virtually all of the elements of its plan, including the intergovernmental coordination element.
From the outset, Martin County challenged the plan amendments. In short, the County contended that the amendments were not "in compliance" as defined in section 163.3184(1)(b), Florida Statutes, that the amendments failed to discourage urban sprawl, that the amendments were not consistent with the County's comprehensive plan, that the intergovernmental coordination element was inadequate to meet the requirements of chapter 163, that the amendments were not based on adequate data and analysis, and that the City failed to demonstrate a need for the annexed parcels. 1000 Friends joined the litigation, siding with Martin County. The five cases that had resulted from Martin County's serial petitions to challenge the amendments were consolidated and a hearing was held before an administrative law judge. By the time of the hearing, the Department of Community Affairs (the "Department"), who had initially indicated an intent to find some of the amendments not "in compliance," and the City of Stuart were on the same sidedefending the amendments. The Department's final order adopted the vast majority of the findings in the administrative law judge's eighty-seven page order and upheld the amendments.
For the most part, the appellants challenge generally the Department's decision that the amendments are "in compliance," arguing that the Department did not properly harmonize the statutory growth management policies with state policies governing municipal annexation, chapters 163 and 171, Florida Statutes, respectively. In addition, appellants specifically challenge the City's amendment to its intergovernmental coordination element, arguing that it failed to comply with section 163.3177(6)(h)1.a., as required, and the City's inclusion of a Future Annexation Area Map in its plan, contending that the map is not supported by adequate data and analysis. We affirm as to all issues, except the challenge to the Future Annexation Area Map.,
The administrative law judge described the Future Annexation Area Map as "identif[ying] approximately 8,000 additional acres of land which the City may consider annexing through the year 2015." During the proceedings below and here on appeal, the appellants contended that the map represented an amendment to the comprehensive plan and the amendment was not supported by adequate data and analysis. The Department rejected these arguments, finding that the map was data and analysis, which need not be supported by other data and analysis, and not an amendment to the comprehensive plan or, alternatively, that even if the map "is considered to be an operative policy of the City Plan" the map is not required, does not conflict with any provision of chapter 163 or chapter 9J-5 and, thus, may be upheld. We respectfully disagree.
The first issue that must be addressed is whether the map is, in fact, an amendment to the comprehensive plan since amendments must be supported by adequate data and analysis. See § 163.3177(8), Fla. Stat. ("All elements of the comprehensive plan, whether mandatory or optional, shall be based upon data appropriate to the element involved."). Contrary to the Department's finding that the map is nothing more than data and analysis, the ordinance adopting the map characterizes it as part of the City's comprehensive plan. Section 10 of Ordinance 1628-97 provides that
In addition to the foregoing amendments to the Plan, the maps designated on "Attachment B" as "EXISTING CONDITIONS MAPS" and "FUTURE CONDITIONS MAPS" [including the Future Annexation Area Map] are hereby adopted as amendments to the Plan. The City Manager shall cause each of *1270 the maps adopted hereby to be codified within the text of the Plan at an appropriate place to facilitate an understanding of the Plan provisions.
In the face of this statement of intent on the part of the City of Stuart, we simply cannot concur in the Department's conclusion that the Future Annexation Area Map does not represent an amendment to the comprehensive plan and is merely data and analysis. And, our review of the record convinces us that the appellants are correct in their assertion that no data or analysis was offered in support of the map and its boundaries. Accordingly, on this issue alone, we reverse.
AFFIRMED in part and REVERSED in part.
POLEN and TAYLOR, JJ., concur.
NOTES
[1] The annexations themselves are not the issue in this appeal. The propriety of the annexations was previously challenged by Martin County via a writ of certiorari in the circuit court. With the exception of two parcels, the annexations were upheld. This court affirmed the decision of the circuit court. See Martin County v. City of Stuart, 736 So.2d 1264 (Fla. 4th DCA 1999)(en banc).